# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

**IN RE:**

**CASE NO. 03-82682-bjh7**
**COMPLANT**

**YUN CHA SHERMAN,**

**WAYNE SHERMAN,.**

**DEBTOR**

**CHAPTER 7**

**JONATHAN & IN SUN CHOI,**

**PLAINITFFS**

**-against-**

**YUN CHA SHERMAN**

**WAYNE SHERMAN**

**DEFENDNATS**

Plaintiffs, by their attorney, Kichul Kim, for their complaint herein allege:

1. Defendants are the debtors in the bankruptcy proceeding
2. That at all times, hereinafter mentioned, Defendants reside at 3208 Brookshire Drive, Plano, Texas 75075
3. Defendants filed a voluntary petition for relief pursuant to Chapter 7 of the United States Code under case number 03-82682
4. This adversary proceeding arises out of and relates to the Chapter 7 case of the debtor on the docket of this court.
5. On February 3, 2004, the first meeting of the creditors was held pursuant to Section 341 of the Bankruptcy code. At this time, Defendants did not provide any information to the trustee at 341 meeting pertaining to Yun Cha Sherman's ownership of the apartment in Korea located at Kang Nam Apartment #4, 308 (apartment number).
6. On March 2, 2004, the second meeting of the creditors was held pursuant to Section 341 of the Bankruptcy code. At this time, Defendants amended their

schedule to list Yun Cha Sherman's asset (ownership of the apartment) in Korea.

7. On March 15, 2004, the third meeting of the creditors was held pursuant to Section 341 of the Bankruptcy code. At this time, Defendant, Ms. Yun Cha Sherman claimed that she took a loan against the apartment for which she did not produce credible and adequate documentation. Furthermore, Defendant claimed that the title of her apartment was transferred to her sister in Korea. But the only document she produced was the power of Attorney she has given her sister to act on her behalf regarding "redevelopment plan" for the apartment.
8. On February 3, 2004, at the creditors' meeting, Yun Cha Sherman asserted that she was a partner to Mr. Chong Sun NA in operating a Lovejoy Shopping Mall located at 1409 Jupiter Rd. Plano, Texas 75074. The Lovejoy Shopping Mall subleased the building from Minyard Food Stores, Inc. She did act as the president of Lovejoy Enterprise Inc to sign the lease agreement with Minyard Food Stores Inc and asserted herself as a partner when she collected rents from the tenants. For all practical purposes, she was the president, executive/general manager in operating Lovejoy shopping Mall. From the beginning, she was the one Minyard Store approached and asked her to develop a mini mall concept in their vacant building. She accepted the opportunity. In order to help her with language and financing, she asked Mr. Chong S. Na to be her partner in developing the business. Mr. Na apparently suggested that they use a corporation he had, Lovejoy Enterprises, Inc., as the entity to operate the business. It was her belief and for all practical purposes, the partnership existed between Mr. Chong S. Na and her. She is the one who personally guaranteed the fifteen year subleases with Minyard Store Inc.
9. But in just papers, Mr. Na was and still is sole shareholder of Lovejoy Enterprise Inc just as he had been since the inception of the Lovejoy Enterprise Inc. Lovejoy Enterprise Inc., did not issue any shares to her to indicate her partnership interest. But this does not nullify her partnership interest in Lovejoy Enterprise Inc., because the partnership agreement does not have to be in writing and partnership exists as long as parties agree to share expenses and profits from joint endeavor. This was indeed the case that she and Mr. Na agreed to share expenses and income equally. Therefore, her 50% partnership interest in Lovejoy Enterprises in managing Lovejoy shopping center must be incorporated into the estate of bankruptcy trustee. But Defendant, Yun Cha Sherman did adequately account for her partnership interest with Lovejoy Enterprise or in the alternative, Mr. Chang Sun NA personally in operating Lovejoy shopping Mall located at 1409 Jupiter Rd. Plano, Texas 75074.
10. On February 3, 2004, at the creditors' meeting, Yun Cha Sherman admitted that

she was involved in "Gae" (money pooling arrangement) with Ms. Yea Cha Back and Ho Lee. In fact she admitted that she received about $50,000.00 from this Gae. There is strong evidence that she is still involved in Gae and she is entitled to receive from this gae some significant amount of money in the near future. In fact she collected the rent and security deposit from Lovejoy Shopping center in the amount of $50,000.00 during the month of November, December of 2003 and January 2004, and she put some of $50,000.00 into her gae with Yea Cha Back and Ho Lee for the future distribution of gae to herself and kept some money for herself. She admits that she put some money she collected from the rent payment and paid into this gae about $2,100.00 a month in the months of July, August, October, and November 2003. What she did was that she received the checks from the Lovejoy shopping mall tenant, she asked them to leave the payee designation blank and she gave blank checks to Yea Ja Back with whom she had a gae. But she claims she put $8,400.00 (2100x 4) for the benefit of Mr. Chang S. Na. Furthermore she admits that she put $200 every month during 2003 to the GAE for Mr. Chang S. Na. Mr. Na vehemently denies that he was ever involved in this gae. Mr. Na claims that Yun Cha Sherman took about $50,000.00 from Lovejoy Enterprise Inc as she collected rent, security deposit, and front glass security deposit and put most of money into the Gae for her own sake.

11. On her most recent schedule amended on March 5, 2004, she stated in the statement of financial affairs in No. 14 that she does not have any property owned by another person that she holds or controls. But on March 23, 2004, she was confronted with the three receipts she personally paid to Best Glass Company, she admits and three receipts show that she paid to Best Glass Company $20,000.00 on December 30, 2003, $10,000.00 in January 10, 2004 and $630.00 on January 17, 2004. This shows that she held at least $36,630.00 mostly in cash and some in the form of checks from the tenants when she filed the bankruptcy in December 8, 2003. But she only turned only $6,000.00 to the trust of the bankruptcy claiming that she had "partnership interest" in $6,000.00. She did not mention anything about other $30,630.00 in her possession in which she had "partnership interest".

**AS AND FOR A FIRST CAUSE OF ACTION FOR AN ORDER DENYING THE DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. SECTION 727(a)(2)(A) & (B).**

12. The Defendant, Yun Cha Sherman, with intent to hinder, delay, or defraud creditors, intentionally did not disclose her assets and later confronted, and she claimed that she transferred a pre-petition asset (her apartment in Korea). But she transferred her assets at a time when the Defendant had outstanding debt. Furthermore, she transferred her disputed asset (her claimed partnership interest of $30,630) to Best Glass Company after her bankruptcy case filed and was pending.
13. By virtue of the foregoing, the Defendant's discharge should be denied pursuant to 11 U.S.C SECTION 727(a)(2)(A)&(B).

**AS AND FOR A SECOND CAUSE OF ACTION FOR AN ORDER DENYING THE DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. 727(a) (3).**

14. The Defendant has concealed, destroyed, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which her past and present involvement with money pooling arrangement (Gae) and her financial interest in this gae with Yea Cha Back and Ho Lee, might be ascertained.

15. By virtue of the foregoing, Defendants' discharge be denied pursuant to 11 U.S.C. 727(a) (3).

**AS AND FOR A THIRD CAUSE OF ACTION FOR AN ORDER DENYING THE DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. SECITON 727(a)(5).**

16. The Defendant has failed to explain satisfactorily the extent of her partnership interest with Lovejoy Enterprise or Mr. Chang Sun NA personally in operating Lovejoy shopping center and how much income she receives from the partnership.
17. By virtue of the foregoing, Defendants' discharge should be denied PURSUANT TO 11 U.S.C. SECITON 727(a)(5).

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request the entry of an order and judgment

denying the discharge of Defendant's debt of $193,086 owed to Plaintiff pursuant to 11 U.S.C. 727 (a)(2)(A)&(B), (a)(3), and (a) (5), together with such other and further relief as this Court deems just and proper.

Dated: March 22, 2004

Dallas, Texas


Kichul Kim

Attorney for Creditor, Jonathan Choi and In Sun Choi

SBOT 2402 6975

Law office of Kichul Kim

3010 LBJ Freeway # 725

Dallas, Texas 75234

(972) 243-7140

(972) 243-7150 (Fax)