BTXN 090 (rev. 10/02)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Yun Cha Sherman and Wayne Winslow Sherman | § | |
| | § | Case No.: 03−82682−bjh7 |
| Debtor(s) | § | Chapter No.: 7 |
| Jonathan Choi et al. | § | |
| Plaintiff(s) | § | Adversary No.: 04−03219−bjh |
| vs. | § | |
| Yun Cha Sherman et al. | § | |
| Defendant(s) | § | |
| | § | |
| | § | |
| | § | |
| | § | |

# ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND ALTERNATIVE SCHEDULING ORDER

As a matter of course, adversary complaints are set for trial at the time of filing. Special settings or pre−trial conferences may be scheduled by contacting the appropriate Courtroom Deputy. Complex adversary proceedings which counsel anticipate will take more than one day to try should be scheduled for a status conference at least 30 days in advance of trial.

Docket call for this trial will be held before the **Honorable Barbara J. Houser** on **September 2, 2004** at **1:15 PM** in **Courtroom #2 at 1100 Commerce St., Dallas, Texas** . **Trial will be held the week of September 6, 2004**

## PART I: INSTRUCTIONS

1. The plaintiff(s) is (are) responsible for ensuring proper notice is provided to each defendant and all interested parties. This includes a copy of this **ORDER** , a fully completed **SUMMONS** form and a copy of the **COMPLAINT** . The plaintiff(s) shall file a **RETURN** on the **SUMMONS** with a **CERTIFICATE OF SERVICE** that provides the name(s) and address(es) of each party served and the manner of service. An additional copy of the **COMPLAINT** shall be filed for the Court's use.

2. The Clerk shall issue one original **SUMMONS** form which shall be conformed by the plaintiff(s) for service on multiple defendants. Federal Bankruptcy Rule 7004(e) requires you to serve the summons with a copy of the **COMPLAINT** on each defendant, and further requires that service be made within ten (10) days of issuance. The Court also directs that this **ORDER** ***be served with the*** **SUMMONS.** The Court's Trial Calendar is available on the court's web site at www.txnb.uscourts.gov.

3. If a trial is passed for settlement and no written request is filed to retain the case on the Court's docket, an automatic Dismissal Without Prejudice shall be entered on or after four (4) weeks.

## PART II: GENERAL PROVISIONS GOVERNING DISCOVERY

1. The disclosures required by Federal Bankruptcy Rule 7026(a) shall be made at or within ten (10) days after entry of a scheduling order, unless otherwise ordered by the Court.

2. Unless the parties agree or the Court orders otherwise, Federal Bankruptcy Rule 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), and to develop a proposed discovery plan; as part of same, the parties are directed to submit a proposed scheduling order. The parties shall use the Docket Call and trial week dates set by the Court unless the Court orders otherwise. Parties may agree to waive the requirement of submitting their proposed scheduling order and follow the terms and deadlines in the Alternative Scheduling Order in Part III hereof. If, within forty−five (45) days of this adversary proceeding being filed, the parties do not submit a proposed scheduling order **or** do not schedule a scheduling conference with

the Court to discuss the provisions and deadlines of a scheduling order, then, on the forty−sixth (46th) day after this adversary proceeding was filed, the parties are deemed to have consented to the following Alternative Scheduling Order.

**PART III: ALTERNATIVE SCHEDULING ORDER**

The Court directs compliance with the following schedule:

1. Discovery must be completed thirty (30) days prior to Docket Call. The names and addresses of experts must be exchanged sixty (60)days prior to Docket Call.

2. A Pretrial Order in compliance with Local District Court Rule 16.4 shall be served and filed seven (7) calendar days prior to Docket Call. All counsel are responsible for preparing the Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; (g) the signature of each attorney; and (h) a place for the date and signature of the Court.

3. All exhibits, except impeachment documents, shall be marked with exhibit labels and exchanged with opposing counsel, together with a list of witnesses to be called, fifteen (15) days prior to Docket Call. A list of exhibits and witnesses shall also be filed fifteen (15) days prior to Docket Call. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for relevance. Written objections to exhibits will be taken up either at the beginning of, or during the course of, the actual trial.

4. Written Proposed Findings of Fact and Conclusions of Law shall be filed three (3) days prior to Docket Call. Trial briefs, if filed, are also due three (3) days prior to Docket Call.

5. At Docket Call, all parties and their counsels must certify to full compliance with this Order. If a resetting is allowed by the Court, the plaintiff(s') attorney shall notify all other parties in interest and shall file with the Clerk a certificate of service indicating the manner, date and to whom notice was given.

6. When cases are reset, all the deadlines in Part III nos. 1 through 5 are shifted to the newly scheduled trial date in the absence of a contrary court order.

7. Unless otherwise directed by the Presiding Judge, no motions for summary judgment shall be filed within thirty (30) days of Docket Call.

8. Sanctions may be imposed for failure to comply with this Order.

DATED: 4/6/04

FOR THE COURT:
Tawana C. Marshall, Clerk of Court

by: /s/D. Morgan, Deputy Clerk